May it please the court, my name is Greg Geist with the Federal Public Defender's Office here in Seattle on behalf of Mr. Sadler. Prior convictions can and do have an enormous impact on the sentencing guidelines and as a result the fairness at sentencing. In the instant case here for Mr. Sadler, there is no controversy that his 2003 plea was unconstitutional. The issue is how will we look at the text of the guidelines in determining what should be brought in and what the government needs to prove to count three points for Mr. Sadler's criminal history and then to include four additional or six additional levels jumping from 14 to 20 for his. Can you go back to the 2004 conviction, which you say was unconstitutional? We know from REHAVE that there was an element that was not included, obviously it was before REHAVE. But then we have a series of cases saying that in the general course of things that's harmless. I mean we have Greer and Mr. Sadler had a history of felony convictions. So I think the government argues, well, you certainly couldn't show prejudice if he brought a 2255 motion. So help me understand where you find the constitutional violation. The constitutional violation occurs because the element of knowledge of one's prior status from REHAVE was not pled and proven in the 2004 conviction. We know that that can be harmless. I mean, Nader tells us that missing an element of the crime isn't necessarily a reversible error. So the mere fact that that wasn't included by itself doesn't seem to be sufficient to say there was a violation of his constitutional rights. If Mr. Sadler were trying to reverse that 2004 conviction, your honor would certainly be correct. That would be the analysis from Greer. But what we have here is we have something different from the commentary notes in the guidelines themselves. So what we have is commentary note six. And what it talks about is two separate things. One is convictions that have actually been reversed or vacated. So if Mr. Sadler were able to go back and vacate that 2004 conviction, we'd be looking at subsection A of commentary note six. But what we're doing is we're looking at commentary note B, or section B of commentary note six. And that's sentences resulting from convictions that have been ruled constitutionally invalid. And this is where I think it's key. In a prior case. Now that's the problem here because you don't have it established, have been ruled constitutionally invalid in a prior case. So you have to have a prior case that without more you just pick it up and look at its rule. This is constitutionally invalid. And I think the questioning that Judge Okuda just had and dialogue had with you illustrates you don't have that determination. You might be able to brief it, but you don't have it already in a prior case. So doesn't that just say we don't even look at the merits of the claim because you're just not allowed, you either show up with it's already on a silver platter or you don't do it at all. And I think the distinction there is between in a defendant's prior case, something being ruled constitutionally invalid versus in a prior case. So here we have Bowsley. And what Bowsley says is that you have to have a knowing voluntary plea. But assessing whether or not the missing rehafe element would have undermined the voluntariness of his plea is going to require some case specific evaluation of the circumstances and whether it would have made a difference and whether it might have given him additional defenses. All of those are determinations that, as I read this, need to be made in a prior case and not in this one. If we were using a 2255 analysis, then I believe Your Honor would be correct. But you have to establish that it's constitutionally invalid and you can't establish it's constitutionally invalid unless the plea is bad. And the plea is bad only if looking at all the circumstances it raised a question about his voluntariness. Well, we know it deals with knowledge here and knowledge of what the elements of the offense were. There's no controversy about whether Mr. Sadler or the judge in the case in 2004 or the prosecutor. There's no controversy. No one could have known that that knowledge aspect was required. Well, the government argues that there were four different counts. And even if the count, the felony and possession count was removed, Mr. Sadler would be facing the same amount of time for the other three counts so that there really wasn't a reasonable probability that he wouldn't have taken the plea. There's no basis for saying that he wouldn't. How does that affect our analysis here? If we're looking at that analysis, then it's important for remand to the district court to make that determination. But what we still have, even still, is an integrated plea. But it goes to the question, can we say on its face, as Judge Collins was suggesting, that his plea was unconstitutional? And I don't see how we could say that, which is what application 06 would require. Well, if we're looking at whether his actual case was constitutionally invalid, we would look to Bowsley and then we would look at his actual plea. And his actual plea from 2004 does not include that knowledge aspect. But you just said before, in response to your question, we'd have to remand to the district court for that determination. That's my very point, is that the fact that, under your theory, a determination needs to be made establishes that you don't have from a prior case that this one is constitutionally invalid. The determination would need to be made, which means that you're barred by the footnote. My answer to that would be that the burden of proving whether these three points count is not on Mr. Sadler. That burden is on the government. So that's a burden that they had to come forward with before the district court. This is a three-point increase to his criminal history points. These are three points that are being included. Well, there's no doubt that he was convicted of it. So they seem to have carried that part of the burden, and that was a valid part of his criminal history. And it's your argument that, well, it's not valid because that particular conviction is bad in some way. And so our questioning is, well, we have nothing telling us that that's bad, that's a bad conviction or a bad plea agreement, just sitting here. So I think you need to explain to us why, on its face, it's bad, why your client didn't take a 2255 motion and try to show that the conviction had to be reversed. First, he didn't have the opportunity to bring forward a 2255. It would have been time barred. And then second, the guideline, Commentary Note 6, does not – it contemplates not giving someone the right to a 2255 based off of the Commentary Note. So what it does say – and again, this is based off of the combination of Bowsley and then Rahafe telling us what the elements are for the offense, as well as the integrated – Well, it refers to any such rights otherwise recognized in law, which I take it would include 2255. And our case law does say the correct way to collaterally attack that sort of sentence is through a 2255 motion. There are many people who were convicted a long time ago who did not have the ability to bring forward a 2255 and actually vacate their prior sentence. And I think that's why the Sentencing Commission included this here. It recognized that there are many statutes that are later found unconstitutional in a case – not in the actual defendant's case, but in a case. Well, there was no statute determined to be unconstitutional here, right? There's no statute determined to be unconstitutional, but Rahafe talks about the elements that need to be included for a 922G. But then we have Bowsley that says that someone has to know what the elements are of the offense. I'd like to reserve the rest of my time for rebuttal. Good morning, Your Honors, and may it please the Court. I'm Teal Miller on behalf of the United States. The defendant can't show that his 2004 conviction has been ruled unconstitutional – excuse me – ruled constitutionally invalid in a prior case because the – Bowsley and cases – the Supreme Court's decisions discussing elements-based errors in the context of a guilty plea make clear that the error had to make some sort of difference in the outcome of the case. Greer – the Gary case, which is decided in Greer – says that on direct review of a forfeited error, the defendant has to show that it affected his substantial rights and the fairness of the proceeding. Bowsley itself, which is on a 2255 motion, says that the defendant has to be able to satisfy the cause and prejudice or actual innocence. But they don't have the sort of automaticity that is contemplated by the words of this application note to the guideline. Your position is the fact that you'd have to do a case-specific inquiry to find whether it's constitutionally invalid means that it's barred by the application note because the application note doesn't let you do that. That's exactly right, Your Honor, and I think that that's borne out in this Court's decision in the United States against Price, which interprets the Supreme Court's decision in Custis. And Custis is about a statutory-based sentencing enhancement, but Price, this Court's decision is about application note 6. And it says a Gideon error has that sort of automatic invalidity because of Custis. It's a unique – the Supreme Court says a Gideon error is unique in the law in that it sort of – a conviction obtained in the absence of counsel is automatically invalid. But this type of error, an elements-based error, and a plea, the combination of Rahaf and Bowsley that Mr. Sadler is putting before the Court, doesn't have that sort of automaticity. But you don't disagree with the Seventh Circuit's suggestion that if the statute of conviction is facially invalidated so that no individualized inquiry is required, that that could constitute constitutional invalidity in a prior case? I don't, Your Honor, but I do think it's important in the Seventh Circuit's case in Gill that it was sort of as a matter of Illinois law, a conviction under the statute at issue there was void ab initio. So you'd have to look at what the status was of an invalidated – a statute that was held unconstitutional in order to do that analysis. Would it matter if you have an unconstitutional conviction but there's no retroactive application of the case law? I think it would because it would go to the question of whether it had been ruled constitutionally invalid in a prior case. As Judge Okuda, as your question suggests, this is a case where not only has defendant not even attempted to show that the elements-based Rahaf error in his 2004 conviction affected that conviction, but he has three other convictions that were part of – in 2004, any one of which would have resulted in the same sentencing calculation and the same guideline here. If the government had dismissed this charge in 2004, would it have changed his sentencing range at all? In 2004? Yes. No. Because it was – he had two drug trafficking convictions and then a 924C conviction and then this 922G conviction, and I believe the 922G conviction was bundled with the 924C, which had a five-year mandatory minimum. If the court has no further questions, we ask that the judgment be affirmed. Apparently not. Thank you. Okay, you have a few seconds left for rebuttal. Try to make two quick points. The first is that the 2004 plea agreement, that was an integrated plea agreement. So everything is together. If one – if one of the counts is constitutionally invalid, that invalidates the entire plea agreement. Well, not necessarily, I mean, because again, it's voluntariness. If he knew that this had this additional element, but what does that matter if the drug trafficking conviction sets the guideline range and then the 924C just tacks on five years on top, the other gun count can't be counted because of the gun, the 924C. It just doesn't – it doesn't matter at all to his practical exposure. So why would he take it into account in deciding whether to plea? We're getting into 2255 territory, and if I may, with outgoing overtime, that takes me to the second point, going to Cuevas-Lopez, 934F1056 from 2019, in which I believe Your Honor noted that notably lacking from the majority's analysis is a single word, phrase, or cross-reference in the guidelines that would authorize a court to apply in that situation the single-sentence rule. Here we have nothing in the text of the commentary note that tells us the government is allowed to go and say, hey, we should apply the standards from 2255 into what is the text of the sentencing guideline. The – Judge Breyer is, I believe, the chair of the Sentencing Commission and is well aware of how sentencing works. If the Sentencing Commission had intended for Mr. Sadler to actually go back and prove that he could have overturned that prior conviction, it would have said so. Thank you. We thank both sides for their argument. And the case of United States v. Sadler is submitted. The case of Daniel Mitchell v. Kilolo-Okiakos is submitted. And the case of United States v. Daniel Dietz is submitted. And with that, we're adjourned for this session and for this week.
judges: IKUTA, COLLINS, Fitzwater